FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) No. 3:19-CR-162-01-TAV-DCP |
| | ) |
| TRAVIS COFER | ) |

**AGREED ORDER OF REVOCATION**

A Petition for Revocation of Supervised Release has been filed against the defendant, Travis Cofer, and the defendant admits that he has violated his supervised release as specified in the Petition. An agreement has been reached between the parties, recommending that Mr. Cofer's supervised release should be revoked, and that he should receive a sentence of six (6) months imprisonment with twenty-four (24) months supervised release to follow.

Mr. Cofer agrees to waive his right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive his right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence.

This Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The defendant's criminal history category is II. The advisory guideline range is 4-10 months for Grade C violations, which the Court has carefully considered. There is a statutory maximum of twenty-four (24) months imprisonment, which the Court has also considered. The Court has also considered the factors listed in 18 U.S.C. §3553(a).

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary, to accomplish the purposes set forth in 18 U.S.C. §3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements.

IT IS ORDERED, that the defendant's supervised release is revoked. The defendant is hereby sentenced to a term of imprisonment of six (6) to be followed by twenty-four (24) months supervised release. While on supervised release, you shall comply with the following mandatory conditions of supervision adopted by this Court in Local Rule 83.10:

(1) The defendant must not commit another federal, state, or local crime.

(2) The defendant must not unlawfully possess a controlled substance.

(3) The defendant must refrain from unlawful use of a controlled substance.

(4) The defendant must cooperate in the collection of DNA as directed by the probation officer.

To promote respect for the law, prevent recidivism, and aid in adequate supervision, the defendant shall also comply with the following standard conditions of supervision adopted by this Court in Local Rule 83.10:

(1) The defendant must report to the probation office in the federal judicial district where the defendant is authorized to reside within 72 hours of release from imprisonment or of the time you were sentenced, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame. **Justification:** *This condition is an administrative requirement of supervision.*

(2) After initially reporting to the probation office, the defendant will receive instructions from the Court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed. **Justification:** *This condition is an administrative requirement of supervision.*

(3) The defendant must not knowingly leave the federal judicial district where the

2

defendant is authorized to reside without first getting permission from the Court or the probation officer.  **Justification:** *This condition is an administrative requirement of supervision.*

(4)     The defendant must answer truthfully the questions asked by the defendant's probation officer.  **Justification:** *This condition is an administrative requirement of supervision.*

(5)     The defendant must live in a place approved by the probation officer.  If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must notify the probation officer at least 10 days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. **Justification:**  *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

(6)     The defendant must allow the probation officer to visit the defendant at any time at the defendant's home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that the probation officer observes in plain view.  **Justification:**  *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

(7)     The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so.  If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so.  If the defendant plans to change

3

where the defendant works or anything about the defendant's work (such as the defendant's position or job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. **Justification:** *This condition will reduce the risk of recidivism and provide for defendant rehabilitation.*

(8) The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer. **Justification:** *This condition is aimed at reducing the risk of recidivism and providing for public safety.*

(9) If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

(10) The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers). **Justification:** *This condition will provide for public and officer safety.*

(11) The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court. **Justification:** *This condition is aimed at reducing the risk of recidivism and providing for public safety.*

(12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk. **Justification:** *This condition is aimed at reducing the risk of recidivism and providing for public safety.*

(13) The defendant must follow the instructions of the probation officer related to the conditions of supervision. **Justification:** *This condition is an administrative requirement of supervision.*

While on supervised release, the Defendant shall also abide by the following special conditions:

(1) The Defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as released from the program by the probation officer.

(2) The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall waive all rights to confidentiality regarding mental health treatment in order to allow release of information to the supervising United States Probation Officer and to authorize open communication between the probation officer and the mental health treatment provider.

(3) The Defendant submit his person, property, house, residence, vehicle, papers, [computers, as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media,] or office, to search conducted by a United States Probation Officer or designee. Failure to submit to a search may be grounds for revocation of release. The Defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the Defendant has violated a condition of supervision and that the areas to be

searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

ENTER:

*Thomas A. Varlan*
UNITED STATES DISTRICT JUDGE

APPROVED FOR ENTRY:

*William A. Roach, Jr./by B.G.S*
William A. Roach, Jr.
Assistant U.S. Attorney

*Benjamin G. Sharp*
Benjamin G. Sharp
Attorney for Defendant

*Travis Cofer*
Travis Cofer
Defendant

*April J. Bradford/by B.G.S*
April J. Bradford
U.S. Probation Officer